Aug. 12,
1875.} McINTIRE *v*. EASTERN RAILROAD.

*Reference Law—Practice.*

A case having been referred by order of the court, and no proceedings having been had under the order until after the act of July 3, 1875, changing the law in regard to references, had been passed—*Held*, that the order should be rescinded, and the question of reference be determined by the court under the law as amended.

In this case, the claim of the plaintiffs was for unliquidated damages. The defendants moved for a reference. The court held, that the defendants had a legal right to a reference under the reference law of 1874, unless it was made to appear that it would be inexpedient to make such reference. There was nothing in the nature of the case to distinguish it from ordinary cases, except the fact that the claim was for unliquidated damages ; and the court, in the exercise of its discretion, held that that was not sufficient to render it inexpedient to refer the case. And the intention of the court now is, to transfer to the superior court the question whether or not that was a proper exercise of discretionary power, and also the point above stated as to the proper interpretation of the reference law. The case was entered at the October term, 1874. At the January term, 1875, the defendants moved for reference, and the motion and the cause were continued, the case not having been reached in its order. At the April term, 1875, the case was marked by the plaintiffs for the jury at the call of the docket ; and the plaintiffs claimed the right to try the case by the jury, and the defendants insisted upon their motion to refer.

Transferred.

*Marston*, for the plaintiffs.

*Hatch* and *W. H. Y. Hackett*, for the defendants.

CUSHING, C. J. I am not aware of any reason why this action should not have been referred ; but, inasmuch as no proceedings have been had, and, by the law as amended, the case now would not be referred except on its being made to appear that it ought to be, I think the order already made should be rescinded, and the question of reference determined by the court under the existing law.

LADD, J. The case does not show whether the action could or could not have been conveniently tried by a jury or in court ; and this, as I read the act of 1874, was an important element in determining the exercise of the large discretion conferred upon the court by that act in the matter of sending causes to referees for trial. But, as any doubt

on this point has been removed by the legislature,—act of 1875, ch. 35,—the question need not be considered now.   I agree that the order should be rescinded.

SMITH, J.   I am of the same opinion.   The act of 1874 having been materially changed, the question at the next term of the circuit court will be, whether this case shall be recommitted to the referee ; and that must be determined by the provisions of the act of 1875.

*Case discharged.*